# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist EDWARD GARNER**
**United States Army, Appellant**

ARMY 20180563

Headquarters, U.S. Army Combined Arms Support Command
Andrew J. Glass and Daniel G. Brookhart, Military Judges
Colonel James D. Levine II, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Captain Paul T. Shirk, JA; Captain Joseph C. Borland, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig Schapira, JA; Captain Brian Jones, JA (on brief).

19 February 2020

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

RODRIGUEZ, Judge:

Appellant, then thirty-seven years old, had sexual intercourse on multiple occasions with a fourteen-year-old girl.[1] On appeal, appellant claims the military judge abused his discretion in denying appellant's motion to suppress his statement

---

[1] A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual abuse of a child and seven specifications of sexual assault of a child over the age of twelve but under the age of sixteen, in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for four years, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged and credited appellant with 211 days against his sentence to confinement.

to law enforcement because he invoked his right to counsel and his statement was involuntary. Appellant further claims his trial defense counsel were ineffective "due to their failure to call [appellant's] mental health counselor to testify to his mental state" prior to making his statement to law enforcement.[2] We disagree with both assertions and will briefly discuss.

## LAW AND ANALYSIS

### A. Invocation of Right to Counsel and Voluntariness

We find appellant did not invoke his Sixth Amendment right to counsel during his interview with law enforcement and his statement that followed was voluntary. Concerning appellant's right to counsel, we note law enforcement informed appellant of his right to speak to an attorney before, during, or after his interview with Army Criminal Investigation Command (CID). Appellant unambiguously stated that he would like to wait until after his law enforcement interview to speak to an attorney. *See Davis v. United States*, 512 U.S. 452, 459 (1994). Any reasonable officer would have viewed appellant's statement as a waiver of his right to counsel, which was confirmed when appellant signed a rights waiver form. *See id.* Thus, we find this was not a ground for suppression of appellant's statement.

In regards to voluntariness, we assessed the totality of all the surrounding circumstances, including appellant's characteristics and the details of the interview, and find appellant's will was not overborne. *See United States v. Freeman*, 65 M.J. 451, 453 (C.A.A.F. 2008). Further, appellant's statement was the "product of [his] essentially free and unconstrained choice," highlighted by his statement that he would first like to proceed with the interview at CID before speaking to an attorney. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26 (1973).

---

[2] Appellant personally raised this claim pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Also pursuant to *Grostefon*, appellant argues the military judge abused his discretion by admitting Mil. R. Evid. 412 testimony without holding a closed hearing or performing a Mil. R. Evid. 403 balancing test. Specifically, the victim, MD, testified that she was a virgin before appellant had sex with her. The defense objected to this testimony. We find the military judge erred in not holding a closed Mil. R. Evid. 412 hearing regarding the admissibility of this testimony. *See United States v. Sanchez*, 44 M.J. 174, 178 (C.A.A.F. 1996) (holding Mil. R. Evid. 412 is also designed to preclude introduction of evidence of a victim's chastity). However, we find appellant was not prejudiced as result of this error.

*B. Ineffective Assistance of Counsel*

Appellant claims his trial defense counsel were ineffective for not calling his mental health counselor to testify regarding his mental state during his CID interview. We ordered affidavits from appellant's trial defense counsel to explain why they did not present such evidence. *United States v. Garner*, ARMY 20189563 (Army Ct. Crim. App. 21 Jan. 2020) (order). In response to this court's order, one of appellant's trial defense counsel explained in her affidavit that:

> After a review of over 200 pages of records, we decided not to present testimony from [appellant's] mental health provider/counselor as we believed it would contradict [appellant's] feelings about his condition. Additionally, appellant made several admissions while in the mental health facility to various parties and we worried those statements would potentially be used against him by the government. . . . [W]e believed the [Mil. R. Evid. 513] privilege would not apply because. . . . [i]f we put [appellant's] mental health condition at issue, we would waive the privilege.

Appellant's trial defense counsel attached appellant's mental health records to their affidavits. Our review of the records confirms the trial defense counsel's assertions that appellant made incriminating statements regarding the charged offenses.

We find that appellant's trial defense counsel were not deficient. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003). In fact, we find it was objectively reasonable under these circumstances for appellant's trial defense counsel not to present evidence of his mental condition prior to his interview at CID. *Id.* Presenting such evidence may have permitted the government to enter into evidence appellant's several incriminating statements he made while at the mental health facility.

## CONCLUSION

On consideration of the entire record, the findings of guilty and sentence are AFFIRMED.

Senior Judge BURTON and Judge FLEMING concur.

3

GARNER—ARMY 20189563

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court